Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Melissa Pope*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA POPE, on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>AGI POST, INC., and CARGO FORCE, INC.,<br><br>                    Defendants. | Case No. **'24CV1084 AJB  BLM**<br><br>**CLASS ACTION**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to Pay All Overtime Wages (Labor Code §§ 510, 1194, and 1198)<br>3. Meal Period Violations (Labor Code § 226.7)<br>4. Rest Period Violations (Labor Code § 226.7)<br>5. Paid Sick Leave Violations (Labor Code § 246 *et seq.*)<br>6. Unpaid Vacation Wages Violations (Labor Code § 227.3)<br>7. Untimely Payment of Wages (Labor Code § 204 *et seq.*)<br>8. Wage Statement Violations (Labor Code § 226 *et seq.*)<br>9. Waiting Time Penalties (Labor Code § 203)<br>10. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*) |

Plaintiff MELISSA POPE, on behalf of all others similarly situated ("Plaintiff") brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants AGI POST, INC. and CARGO FORCE, INC. (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a Class and Collective action regarding Defendants' wage and hour violations.

2. This case is filed on behalf of a California class and nationwide FLSA collective group of employees.

3. Defendants underpaid wages by failing to include all forms of remuneration, including cash-in-lieu of benefits payments into the "regular rate of pay" calculation for their hourly overtime, sick, vacation, and premium wages, as applicable under state and federal laws.

4. Defendants failed to maintain compliant meal and rest period practices, resulting in a failure to pay all wages and premiums owed to the Class and Collective Members at the lawful rate.

5. Defendants failed to pay Plaintiff and the Class and Collective Members for all hours worked due to unauthorized time editing.

6. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the Class and Collective members.

7. Defendants committed the same overtime violations with respect to a nationwide collective of employees who Plaintiff seeks to represent under the Fair Labor Standards Act.

## JURISDICTION & VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA

actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and former California employees who worked throughout California, including at Defendants' worksite in San Diego County.

## PARTIES

**A.   Plaintiff Melissa Pope**

10. Plaintiff Pope is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about November 2021 to February 2024. Plaintiff worked as a General Clerk III.

11. A written consent form for Plaintiff is attached hereto as <u>Exhibit 1</u>.

**B.   Defendants**

12. Throughout the respective statutory periods, Defendants were the legal employer of Plaintiff and the class and collective members.

13. Defendant AGI Post, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

14. Defendant Cargo Force, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

15. Plaintiff is informed, believes, and alleges that during the previous four year period, including within the past two and three year statutory periods respectively, Defendants have employed class and collective members throughout the United States, including but not limited to California.

16. Upon information and belief, Defendants is an employer, co-employer, joint employer, and/or part of an integrated employer enterprise, as it exercised control

over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under state and federal laws.

17. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others..

## **CLASS ALLEGATIONS**

18. Plaintiff brings the Second through Tenth Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to Defendants' violations of the California Labor Code and IWC Wage Orders.

19. Plaintiff pursues the requested relief on behalf of the following "California Class" and "FLSA Collective":

    a. All current and former non-exempt hourly employees of Defendants who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

    b. All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

20. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

21. The class is ascertainable and shares a well-defined community of interest in this litigation:

   c. <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

   d. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

   e. <u>Adequacy</u>: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

   f. <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

   g. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are

properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

22. Common questions of law and fact as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

23. Plaintiff and the Class and Collective Members worked for Defendants and were compensated on an hourly basis as nonexempt employees.

24. In addition to earning hourly compensation, Defendants paid Plaintiff and the Class and Collective Members other forms of non-discretionary remuneration, including fringe benefit cash payments.

25. These were not fringe benefits in the normal sense, but rather cash payments made to employees and paid out per hour worked on employee paychecks.

26. Some of these cash-in-lieu of benefits payments are designated as line items on wage statements for Class and Collective Members, including Plaintiff, with the label "FRINGE," an abbreviation for fringe benefits.

27. Defendants paid these payments directly to Plaintiff and Class and Collective Members.

28. Instead of furnishing the fringe benefits to Plaintiff and other Class and Collective Members, Defendants instead elected to furnish the cash equivalent.

29. The cash payments were paid directly by Defendants and not by a third party or trustee and are not excluded from the "regular rate of pay" calculation under California or federal law.

30. Defendants were required to include cash-in-lieu of benefits in the "regular rate of pay" for purposes of calculating and paying overtime to Plaintiff and Class and

- 5 -
CLASS AND COLLECTIVE ACTION COMPLAINT
*Pope v. AGI Post, Inc.*

Collective Members. *See, e.g., Flores v. City of San Gabriel*, 824 F. 3d 890, 901 (9th Cir. 2016) (affirming "cash-in-lieu of benefits payments are not properly excluded" from the regular rate of pay).

31. Defendants failed to include the cash-in-lieu of benefits in the "regular rate of pay" for purposes of calculating and paying overtime wages to Plaintiff or the Class and Collective Members during the Statutory Periods.

32. For example, in the pay period of December 11, 2023 to December 24, 2023, Plaintiff earned $363.20 as a cash payment in lieu of benefits and 4.06 hours of overtime. However, Plaintiff's overtime was paid at 1.5 times her base hourly rate. Defendants failed to factor in the cash-in-lieu of benefits payment in the overtime rate.

33. Defendants were also required to include cash-in-lieu of benefits in the regular rate of compensation for purposes of calculating and paying meal and rest period premiums to Plaintiff and Class and Collective Members during the California Class Period. *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 862 (2021).

34. Plaintiff and the Class and Collective Members routinely experienced missed, late, short, and interrupted meal periods to keep up with the demands of the job and due to understaffing issues.

35. Nonetheless, Defendants had a policy and practice of altering employees' time records to remove meal period penalties. To the extent Defendants paid meal period premiums, Defendants improperly excluded all forms of additional remuneration, such as the cash benefits, from the calculation of the premium pay. As a result, Defendants failed to pay all owed meal period premiums.

36. For example, in the pay period from July 24, 2023 to August 8, 2023, Plaintiff earned $318.26 as a cash payment in lieu of benefits and was paid a meal period premium totaling $37.14. However, Plaintiff's meal period premium rate was paid at her base rate, instead of the "regular rate of pay" that should have included the cash-in-lieu of benefits payments.

37. Similarly, Defendants were required to pay rest period premiums at the regular rate of pay, inclusive of the fringe benefit payments.

38. On information and belief, Plaintiff alleges the Class and Collective Members were underpaid rest period premiums. To the extent any rest period premiums were paid, they were underpaid as a result of Defendants' policy and practice of not including all forms of remuneration in the calculation of the regular rate at which such rest period premiums must be paid.

39. On information and belief, Plaintiff alleges the Class and Collective Members were underpaid sick leave. To the extent any sick leave was paid, those wages were underpaid as a result of Defendants' policy and practice of not including all forms of remuneration in the calculation of the regular rate of compensation at which such sick leave must be paid.

40. Further, Defendants maintained an unlawful policy and practice of failing to pay all accrued and unused vacation wages upon separation of employment at the lawful rate of pay, resulting in forfeiture of vested time and wages. To the extent that Defendants paid vacation wages at termination, those wages were underpaid due to Defendants' failure to include fringe benefit payments into the final rate of pay.

41. On information and belief, Defendants' failure to pay vacation wages at the "regular rate of pay" was applied to the other aggrieved employees and is a matter of common payroll administration.

42. Because of these violations, Defendants failed to provide accurate itemized wage statements to the Class and Collective Members that included the accurate gross or net wages earned, as the employees earned regular, overtime, premiums, sick leave, and vacation pay which were not paid at the lawful rate.

43. Likewise, overtime, sick, vacation, and premium wages were paid at inaccurate hourly wage rates (*i.e.* the base rate or a multiple of the base rate for overtime instead of the regular rate) which violates the wage statement requirement to include the correct hourly rate in effect each pay period along with the correct number of hours.

Therefore, Defendants have provided inaccurate and non-compliant wage statements to the Class and Collective Members.

44. Furthermore, in each pay period in which Defendants paid cash-in-lieu of benefits, Defendants violated Labor Code § 226(a)(9) by failing to state the hourly rate at which the cash-in-lieu of benefit payment earnings was paid and the corresponding number of hours at that rate.

45. These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment, as Defendants underpaid the overtime, sick, and premium pay on a regular payroll basis and upon separation of employment.

46. As a result of the forgoing violations, Defendants also failed to timely pay all wages as they were due to Plaintiff and the Class and Collective Members while they were employed and also failed to timely pay all wages due to Plaintiff and the Class and Collective Members at their separation of employment.

47. Moreover, Defendant failed to pay out all wages upon separation of employees to all Class and Collective Members, resulting in waiting time penalties.

48. Indeed, Plaintiff was terminated in March 2024, but Defendant did not pay her final wages until five days after her termination date.

49. Plaintiff alleges this mismanagement of final paychecks was a manner of common policy and susceptible to common proof at trial.

## **FLSA COLLECTIVE ACTION**

50. Plaintiff brings the First Cause of Action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendants' violation of the FLSA.

51. Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

    a. All current and former non-exempt hourly employees of Defendants who worked in the United States of America at any time during the

three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

52. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked in the United States of America within the past three years for Defendants and she was paid overtime wages in the same pay period in which she was paid cash in lieu of benefits.

53. Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

    b. Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

    c. Plaintiff and the FLSA Collective were subject to Defendants' policies, practices, and directives with respect to overtime pay.

    d. Plaintiff and the FLSA Collective were paid regular and overtime wages.

    e. Plaintiff and the FLSA Collective were paid cash-in-lieu of benefits and other forms of non-excludable remuneration.

    f. Regardless of their job title or location, Defendants did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

54. Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from Defendants' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

55. The First Cause of Action is properly brought and maintained as an opt-in collective action. 29 U.S.C. 216(b). The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

# FIRST CAUSE OF ACTION

## UNPAID OVERTIME WAGES (FLSA)

### Violation of the Fair Labor Standards Act

56. All outside paragraphs of this Complaint are incorporated into this section.

57. This cause of action is brought by Plaintiff and the FLSA Collective pursuant to 29 U.S.C. §§ 203, 207, and 255, which require non-exempt employees be paid overtime wages, all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

58. Defendants are an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

59. Defendants have employed, and continue to employ Plaintiff and the FLSA collective as "employee[s] within the meaning of the Fair Labor Standards Act" ("FSLA").

60. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

61. Defendants employed Plaintiff and the FLSA Collective to work, and they did work, in excess of 40 hours in a workweek.

62. Defendants paid Plaintiff and the FLSA Collective forms of remuneration that were not included in the "regular rate of pay" used to calculate and pay overtime to them in accordance with the FLSA.

63. The additional forms of remuneration were not subject to exclusion from the regular rate of pay pursuant to one of the unambiguous eight exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

64. Because Defendants' violations of the FLSA have been willful, in plain violation of 29 U.S.C. § 207(a)(1), a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

65. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked in the United States of America within the past three years for Defendants and was paid overtime wages in the same pay period in which she also received additional forms of non-excludable remuneration, such as bonuses.

66. Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours work week (i.e., due to the regular rate underpayments).

67. The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

68. Plaintiff and the FLSA Collective are entitled to recover the full amount of unpaid overtime wages owed, in addition to liquidated damages, interest, penalties, and attorneys' fees, and costs to the extent permitted by law, including under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

**Violation of Labor Code §§ 510 and 1194**

69. All outside paragraphs of this Complaint are incorporated into this section.

70. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

71. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for

- 11 -

all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

72. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

73. All outside paragraphs of this Complaint are incorporated into this section.

74. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

75. Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

76. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was

not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

77. Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION
## REST PERIOD VIOLATIONS
### Violation of Labor Code §§ 226.7 and 516

78. All outside paragraphs of this Complaint are incorporated into this section.

79. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

80. Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

81. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY ALL PAID SICK LEAVE WAGES
### Violation of Labor Code §§ 200, 218, 246 *et seq.*

82. All outside paragraphs of this Complaint are incorporated into this section.

- 13 -
CLASS AND COLLECTIVE ACTION COMPLAINT
*Pope v. AGI Post, Inc.*

83. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

84. Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

85. Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

86. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

87. As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

## UNPAID VACATION WAGES

**Violation of Labor Code §§ 201, 202, 203, and 227.3 and 1194, and 1198**

88. All outside paragraphs of this Complaint are incorporated into this section.

89. This cause of action is brought by an unpaid vacation wages subclass pursuant to Labor Code §§ 200, 201, 202, 203, and 227.3 and 1194, and 1198, which require non-exempt employees be timely paid all vested vacation wages at their final rate of pay upon separation of employment, and which further provide a private right of action for an employer's timely failure to pay all vacation compensation upon termination.

90. Defendants offered Plaintiff and class members an employment contract or policy providing for the accrual of vacation and/or paid time off. Plaintiff and class members accrued vacation and/or PTO pursuant to the contract or policy.

91. Upon separation of Plaintiff and class members, Defendants willfully failed in their affirmative obligation to timely pay Plaintiff and class members all accrued but unused vacation at their final rate during their employment with Defendants, in violation of Labor Code sections 201(a), 202(a), and 227.3.

92. Plaintiff and class members are entitled to recover the full amount of the accrued vacation wages owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION
## UNTIMELY PAYMENT OF WAGES
### Violation of Labor Code §§ 204, 210, 218

93. All outside paragraphs of this Complaint are incorporated into this section.

94. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

95. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and

class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

96. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

#### Violation of Labor Code § 226

97. All outside paragraphs of this Complaint are incorporated into this section.

98. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

99. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

100. Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

101. As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## NINTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### Violation of Labor Code §§ 201 *et seq.*

102. All outside paragraphs of this Complaint are incorporated into this section.

103. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

104. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

105. Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## TENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

106. All outside paragraphs of this Complaint are incorporated into this section.

107. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

108. Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq*.

109. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

110. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four-year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

111. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq*. Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

# **PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For certification of this action as an FLSA collective action;

c. For appointment of Plaintiff as the representative of the classes and collective;

d. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

e. For recovery of damages in amount according to proof;

f. For all recoverable pre- and post-judgment interest;

g. For recovery of all civil and statutory penalties and liquidated damages;

h. For disgorgement of all amounts wrongfully obtained;

i. For restitution and injunctive relief;

j. For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and 29 U.S.C. § 216(b); and

k. For such other relief the Court deems just and proper.

Dated: June 24, 2024

Respectfully submitted,
***Ferraro Vega Employment Lawyers, Inc.***

By: *s/ Nicholas J. Ferraro*
Nicholas J. Ferraro
*Attorneys for Plaintiff Melissa Pope*
*Email: nick@ferrarovega.com*